## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between EUSTAQUIO MONTIEL ("Plaintiff"), BRAVO CARNICERIA Y GROCERY INC ("CARNICERIA BRAVO"), JORGE VON ZEDTWITZ, (collectively, "Defendants" and with Plaintiff, the "Parties") as of December 2, 2022

## RECITALS

A. WHEREAS, on March 9, 2022, Plaintiff filed an action in the United States District Court for the Eastern District of New York against the Defendants bearing the caption *MONTIEL v. BRAVO CARNICERIA Y GROCERY INC, JORGE VON ZEDTWITZ*, Docket No. 1:22-CV-01288 (the "Action"), alleging, *inter alia*, that the Defendants failed to pay Plaintiff certain wages due in connection with services he performed on behalf of "CARNICERIA BRAVO". The aforementioned Action is currently pending in the United States District Court for the Eastern District of New York.

B. WHEREAS, the Defendants deny Plaintiff's allegations and contend that Plaintiff was paid all wages due and owing;

C. WHEREAS, no Government Agency or Court has either considered or determined the Parties' respective claims and defenses;

D. WHEREAS, the Defendants admit no wrongdoing nor any liability with respect to Plaintiff's allegations; and

E. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Consideration</u>. Plaintiff agrees that he will not seek any further consideration from the Defendants, including any monetary payments, beyond that set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Amount.</u>
The Defendants agree to pay Plaintiff the total gross settlement amount of Eighteen Thousand Four Hundred Eighty-Two Dollars and Fifty Cents ($18,482.50) (the "Settlement Amount"), as follows:

   A. To EUSTAQUIO MONTIEL the gross amount of $12,321.67 representing civil monetary penalties, subject to the issuance of a 1099 Form.

   B. To STILLMAN LEGAL, PC, the gross amount of $6,160.83 litigation expenses, which include costs of $537 and attorneys' fees and costs of 33.33%, are subject to the issuance of a 1099 form.

1. MONTH ONE: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

2. MONTH TWO: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

3. MONTH THREE: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

4. MONTH FOUR: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

5. MONTH FIVE: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

6. MONTH SIX: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

7. MONTH SEVEN: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

8. MONTH EIGHT: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

9. MONTH NINE: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

10. MONTH TEN: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to

EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

11. MONTH ELEVEN: Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

12. MONTH TWELVE Two (2) checks payable on the 1st of every month of ONE THOUSAND TWENTY-SIX DOLLARS AND EIGHTY CENTS ($1,026.80) to EUSTAQUIO MONTIEL and; FIVE HUNDRED THIRTEEN DOLLARS AND FORTY CENTS TO STILLMAN LEGAL PC ($513.40).

Plaintiff acknowledges and agrees that he is not entitled to any other payment or consideration from Defendants.

3. <u>Default Payment and Confession of Judgment.</u> If Defendants fail to make the Settlement Payment provided for herein, Plaintiff shall provide Defendants with written notice of default within (5) five days and send it by email to bravocarneny@outlook.com. Upon receiving written notice of default, Defendants shall have (5) five business days to cure the default by delivering the Settlement Payment to:

Stillman Legal, P.C.
42 Broadway, 12th Floor
Suite 12-127
New York, NY 10004

Payment must be sent to Plaintiff's attorneys at the address listed above, including any charges affiliated with any checks returned for insufficient funds following the delivery of the notice of default by email.

As part of this Agreement, Jorge Von Zedwitz agrees to execute an Affidavit of Confession of Judgment, annexed hereto as **Exhibit B.** The Confession of Judgment will be held in escrow by the Plaintiffs' counsel. If there is no default, Plaintiffs' counsel agrees to discard/destroy the Confession of Judgment upon receiving the last installment payment described in Paragraph 1 of this Agreement. In the event of a default, should Defendants not cure said default within the time period described above, Plaintiffs' counsel will enter the Confession of Judgment and seek costs and attorney's fees.

4. <u>Effective Date.</u> This Agreement shall not be effective or enforceable, and no payments will be made hereunder unless and until the Court approves the Agreement as fair and reasonable.

5. <u>Release.</u> For and in consideration of the Settlement Amount provided for in Paragraph 2, subject to the terms and provisions of this Settlement Agreement, Plaintiff fully, finally, irrevocably and forever releases and discharges Defendants, including JORGE VON ZEDTWITZ from any and all claims commenced in the Action, including those brought under the

Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") which Plaintiff has or may have alleged against the Defendants as of the date of this Settlement Agreement.

6. <u>Covenant Not to Sue.</u> Plaintiff affirms that he has not filed, or caused to be filed, and is not presently a party to, any action or complaint, including those with the Department of Labor against Defendants seeking damages for the pertinent released claims as set forth in this Agreement, other than this Action.

7. <u>Submission to Court for Approval and Purposes of Dismissing the Action.</u>

   (a) Concurrent with execution of this Agreement, the Parties agree to execute the "Stipulation of Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court to be so ordered if the settlement is approved by the Court.

   (b) Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement renders this Agreement null and void, and no payments shall be made pursuant to the Agreement.

   (c) The Parties agree to cooperate reasonably with one another in seeking Court approval of this Agreement, and to promptly agree upon and execute any documentation that may be reasonably required to obtain final approval by the Court of the Agreement.

   (d) Dismissal of Action. Any and all claims asserted by the Plaintiff shall be, and are, dismissed with prejudice upon the payment of the Settlement Amount. The Parties will execute and file a stipulation of dismissal in the form of Exhibit "A" after the approval of the Agreement by the Court.

   (e) Costs and Attorneys' Fees. Each Party will bear its own litigation costs and attorney's fees in connection with this Action, except as specified in this Agreement.

8. <u>Acknowledgments.</u> By signing this Agreement, Plaintiff acknowledges and agrees that (a) he has been afforded a reasonable and sufficient period of time for review, deliberation thereon, and negotiation of the terms thereof, and has consulted with legal counsel or a representative of his choice before signing it; (b) he has carefully read and fully understands all the provisions of this Agreement, all of which have been explained to his; (c) he has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and (d) the only consideration for signing this Agreement are the terms stated herein, and no other genuine promise, agreement or representation of any kind has been made to him by any person or entity whatsoever to cause his to sign this Agreement.

9. <u>Governing Law and Interpretation</u>. This Settlement Agreement shall be governed by and in accordance with the laws of the State of New York without regard to its conflict of law provisions. In the event of a breach of any provision of this Settlement Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

4

10. **No Admission of Wrongdoing**. The Defendants expressly deny any violation of any laws, regulations or their policies or procedures. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12. **Entire Agreement**. This Settlement Agreement constitutes the complete understanding of the Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

13. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____
EUSTAQUIO MONTIEL

BRAVO CARNICERIA Y GROCERY INC

By:_____
Name: Jorge Von Zedtwitz
Title: President

JORGE VON ZEDTWITZ

By:_____
JORGE VON ZEDTWITZ

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUSTAQUIO MONTIEL

                              Plaintiff,

   -against-

BRAVO CARNICERIA Y GROCERY INC,
JORGE VON ZEDTWITZ ,,

                             Defendants.
------------------------------------------------------------X

## STIPULATION OF DISMISSAL

      IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above-captioned action, through their undersigned counsel, and subject to approval by the Court, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice and without costs or attorney's fees as to any party except as referenced in the settlement agreement.

Dated: December 2, 2022

**RAGLAN & STILLMAN LLP**                    By: _____
                                                                         JORGE VON ZEDWITZ

By: *Lina Stillman, Esq.*
Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
(212) 832-1000
LS@stillmanlegalpc.com

*Attorneys for Plaintiff* Eustaquio Montiel


DATED: _____
SO ORDERED:

_____
D.C.J.